UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF ARKANSAS

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
SEP 1 0 2015
CHRIS R. JOHNSON, Clerk
By _____ Deputy Clerk

| | |
|---|---|
| DOLORES VARNER, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF WILLIAM DALE VARNER, <br><br> Plaintiff <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 15-5216 TLB |

COMPLAINT

Date: September 10, 2015

_Kathryn E. Platt_
W. Blair Brady (98029)
Kathryn E. Platt (95177)
Brady & Platt, PLC
P.O. Box 9298
Fayetteville, AR 72703
bbrady@bradyplatt.com
kplatt@bradyplatt.com
(479) 443-3334

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DOLORES VARNER,                                              PLAINTIFF
AS PERSONAL REPRESENTATIVE OF
THE ESTATE OF WILLIAM DALE VARNER

VS.                              CASE NO. _____

UNITED STATES OF AMERICA                                     DEFENDANT

## COMPLAINT

COMES NOW the Plaintiff, Dolores Varner, as Personal Representative of the Estate of William Dale Varner, by and through her attorneys, W. Blair Brady and Kathryn E. Platt, and for her cause of action does hereby state and allege as follows:

1. This is a negligence claim under the Federal Tort Claims Act, 28 U.S.C. §2671, et seq, and this court has exclusive jurisdiction under 28 U.S.C. §1346(b).

2. The plaintiff's claim arises from certain acts and omissions that occurred in Washington County, Arkansas. Washington County is located in the Western District of Arkansas; therefore, venue is proper in accordance with 28 U.S.C. §1391.

3. The plaintiff has complied with all statutory prerequisites for filing this claim. The plaintiff has filed an administrative claim in writing to the Department of Veterans Affairs Regional Counsel. The claim included a demand for a specific sum, sufficient information to investigate the claim, and was signed by the plaintiff. The plaintiff did receive a letter denying her administrative claims, and on March 21, 2014, submitted a Request for Reconsideration, which is attached hereto as Exhibit "A". A copy of both the original administrative claim and the denial letter are attached to Exhibit "A" as referenced. The Department of Veteran's Affairs

Page 1 of 4

Regional Counsel acknowledged receipt of said Request via letter dated March 31, 2014 (Exhibit "B"). The plaintiff's request for reconsideration was officially denied via letter dated March 11, 2015 (Exhibit "C").

    4. This cause of action is filed within the six (6) month window after the date of the final denial as is statutorily required.

    5. William Dale Varner was a patient at the Department of Veteran's Affairs Veteran's Healthcare System of the Ozarks (VA Hospital) in Fayetteville, Arkansas over a period of years; however, his most recent, and last, period of time in which he was treated as an inpatient ended on or about December 28, 2012. At that time, Mr. Varner was discharged from the VA Hospital to the Fayetteville Veteran's Home.

    6. To the best of the plaintiff's knowledge and belief, Mr. Varner was diagnosed and treated at the VA Hospital for certain ailments, some or all of which required medication.

    7. To the best of the plaintiff's knowledge and belief, Mr. Varner was specifically prescribed Furosimide, a medication used as a diuretic for managing and treating patients for symptoms associated with congestive heart failure, specifically, water retention.

    8. To the best of the plaintiff's knowledge and belief, Mr. Varner was provided with said prescribed medication during his treatment as an inpatient at the VA Hospital and was discharged while prescribed and being administered said medication.

    9. To the best of the plaintiff's knowledge and belief, Mr. Varner's discharge instructions provided by the VA Hospital to the Fayetteville Veteran's Home either did not include the prescribed medication or said discharge instructions were vague or otherwise ambiguous regarding this medication. Said instructions were amended twice regarding Mr. Varner's medications, including once several days after Mr. Varner's discharge.

10. As a direct result of the incorrect and/or incomplete discharge instructions and orders provided by the VA Hospital to the Fayetteville Veteran's Home, to the best of the plaintiff's knowledge and belief, Mr. Varner did not receive Furosimide, nor any other medication to prevent and/or control water retention for at least several days, at the Fayetteville Veteran's Home, which directly contributed to the untimely and wrongful death of Mr. Varner on January 15, 2013.

11. That employees of the VA Hospital were negligent in failing to provide clear and accurate discharge instructions and orders regarding Mr. Varner's medication requirements upon his release from care.

12. The aforementioned acts of negligence were in breach of a duty owed to the plaintiff, in that the decedent was a foreseeable victim of such negligence.

13. The employees of the VA Hospital who were negligent, are also defined as employees of the defendant under 28 U.S.C. §2671 and that with respect to the plaintiff's claims, these agents, servants, and employees were at all material times acting within the scope of their employment under circumstances where the defendant, if a private person, would be liable to the plaintiff in accordance with the laws of the State of Arkansas and that the defendant is liable for the negligence of these employees.

14. That the decedent's death was a foreseeable consequence of the defendant's negligence and that as a direct and proximate result of the defendant's negligence, the plaintiff did suffer damages including, but not limited to:

    a. Pecuniary injuries sustained because of the loss of contributions of Mr. Varner's future support, love, care, comfort, affection, society presence, companionship and protection all in an amount greater than the statutory minimum required under 28 U.S.C. §1332;

b. Mental anguish suffered by them because of the untimely and horrific manner in which Mr. Varner died, in an amount greater than the statutory minimum required under 28 U.S.C. §1332;

c. Funeral and burial expenses of $7,061.85 out of pocket costs after payment of the sum of $1,944.00 from Mr. Varner's Veteran's Administration death benefit (total funeral and burial expense $9,005.85);

d. Conscious pain and suffering of Mr. Varner prior to his death in an amount greater than the statutory minimum required under 28 U.S.C. §1332.

15. The plaintiff reserves the right to file an Amended Complaint after further investigation and discovery.

16. The plaintiff demands a trial by jury.

WHEREFORE, the plaintiff prays for judgment against the defendant in the amount of $4,000,000.00 for damages; for expenses and costs; and, for reasonable attorney's fees.

Respectfully submitted,<br>
DOLORES VARNER,<br>
PLAINTIFF<br>
<br>
<br>
BY: _____<br>
W. BLAIR BRADY and<br>
KATHRYN E. PLATT<br>
Brady & Platt, P.L.C.<br>
2792 E. Millennium<br>
P.O. Box 9298<br>
Fayetteville, AR 72703-0021<br>
(479) 443-3334<br>
Supreme Court Nos. 98029/95177